IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLYDIE J. (JOE) CRAWFORD,

        Plaintiff,

vs.                                          CIVIL NO. 10-926 KBM/LFG

RICHARD BARNES,

        Defendant.

## ORDER GRANTING MOTION FOR RE-DEPOSITION

THIS MATTER is before the Court on Defendant Richard Barnes' ("Barnes") Motion for Extension of Time for Limited Discovery [Doc. 59] in order to re-depose Plaintiff Clydie J. (Joe) Crawford ("Crawford"). The motion is opposed [Doc. 60]. The reply date was July 13, 2011 [*see* D.N.M.LR-CIV 7.4(a)]. No reply was filed.

The Federal Rules of Civil Procedure require that a request for extension be filed prior to the expiration of the original deadline. Fed. R. Civ. P. 6(b).

> When an act may or must be done within a specified time, the court
> may, for good cause, extend the time:
>     (A) with or without motion or notice if the court acts,
>     or if a request is made, before the original time or its
>     extension expires; or
>     (B) on motion made after the time has expired if the
>     party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(A) & (B).

In this case, the motion to extend was filed on July 27, 2011, which is the same date as, and therefore prior to, the expiration of the discovery deadline [*see* Docs. 33, 59]. The Court concludes that the motion is timely.

Barnes took Crawford's deposition on February 22, 2011. Although Fed. R. Civ. P. 30(d)(1) authorized the deposition to be taken for up to seven hours, the deposition actually took two and

one-half hours.  Subsequent to the deposition, Barnes filed a motion for summary judgment challenging Crawford's claim for lost income [Doc. 38].  In response to the summary judgment motion, Crawford submitted an affidavit and various financial documents that allegedly support his claim for lost income.  The documents include tax returns and W-2 forms for a period of years. [*See* Doc. 44, Exh. B].

Now armed with Crawford's affidavit and financial documents, Barnes seeks to re-depose Crawford on the lost income claim.  Crawford, on the other hand, contends that Barnes was aware from the outset that lost income was an element of his lawsuit, and argues that it was incumbent on Barnes to more thoroughly question Crawford on February 22. [*See* Doc. 60].  Accordingly, Crawford opposes a re-deposition. [Id. At 3].

## **Analysis**

The information sought by re-deposition is relevant to the claims and defenses of the parties. Fed. R. Civ. P. 26.  Barnes convincingly argues that the information is relevant and a re-deposition is necessary given the fact that Barnes did not have the affidavit or the documents relevant to the lost income claim on February 22. [*See* Doc. 59].

Prior to the 2000 Amendments to the Federal Rules of Civil Procedure, leave of court was not required to depose someone a second time.  If the proposed deponent objected to the re-deposition, a motion for protective order could have been filed.  However, Rule 30(d) was amended in 2000 to provide, among other things, that a party must obtain leave of court to pose additional questions where "the deponent has already been deposed in the case . . . ." Fed. R. Civ. P. 30(a)(2)(A)(ii).  The amendments were consistent with the cost-savings provisions of the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.*

The effect of the amendment was to require leave of court before someone could be deposed for a second time, *see* Fed. R. Civ. P. 30(a)(2)(A)(ii) and was adopted to ensure that a proposed deponent was protected against cumulative, burdensome or harassing discovery. Byrd v. District of Columbia, 259 F.R.D. 1 (D.D.C. 2009); Schmidt v. Nat'l Title Ins. Co., 2009 WL 303305 (D. Hawaii Feb. 3, 2009). The amended rule provides in part, "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent . . . ."

In this case, it is clear that the information sought is relevant. Fed. R. Civ. P. 26. Moreover, it cannot be said that Crawford has been subjected to lengthy, burdensome or unnecessary discovery, as his deposition was only two and one-half hours long, and Barnes was entitled to depose him for one full day.

The Court rejects Crawford's argument and determines that the re-deposition is being taken for appropriate purposes, and is not harassing, burdensome or oppressive. Cf. Arugu v. City of Plantation, 2010 WL 2609394 (S.D. Fla. June 27, 2010)(no good cause existed to allow Plaintiff's re-deposition of Defendant's employee where Plaintiff clearly had had ample time and opportunity to obtain the sought-after information and "[t]he fault in failing to make [his] inquiry [lay] with no one except Plaintiff."). Pursuant to Rule 30(d), the Court authorizes a second deposition, which will be limited in time so that the cumulative time of both the February 22, 2011 and yet-to-be schedule re-deposition shall not exceed seven hours.[1]

SO ORDERED.

                                      *Lorenzo F. Garcia*
                                      Lorenzo F. Garcia
                                      United States Magistrate Judge

---

[1] Barnes anticipates that the re-deposition will last only one and one-half hours. [*See* Doc. 59 at 3].