IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CLYDIE J. CRAWFORD,

        Plaintiff,

v.                                       CIV 10–0926 KBM/LFG

RICHARD BARNES,

        Defendant.

# MEMORANDUM OPINION AND ORDER
# DENYING SUMMARY JUDGMENT ON LOST INCOME CLAIM

THIS MATTER is before the Court on Defendant's Motion For Summary Judgment on Plaintiff's Claim for Lost Income *(Doc. 37)*.   Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment.   Having carefully reviewed the parties submissions and relevant authorities, I find the motion is not well-taken and will therefore deny it.

### I.  Factual Background

This litigation arises out of a collision between Plaintiff, a skier, and Defendant, a snowboarder, at Taos Ski Valley on January 21, 2010.   Plaintiff suffered a broken left hip.   He seeks damages, including past and future medical expenses, lost income, pain and suffering, and compensation for an alleged reduction in his life expectancy.

Defendant seeks summary judgment based on a lack of admissible evidence in support of Plaintiff's lost income claim. Although Plaintiff alleges he was unable to work for eleven months in 2010, Defendant argues that there is no evidence of this, and, even if Plaintiff's claim is accurate, there is no evidence that his inability to work was due to the collision. *See Doc. 52* at 5.

## II.   Legal Standard

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). A "genuine" dispute exists where the evidence is such that a reasonable jury could resolve the issue either way. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A mere scintilla of evidence in the non-movant's favor is not sufficient. *Anderson*, 477 U.S. at 252. However, the court must consider all the evidence in the light most favorable to the party opposing summary judgment. *See Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006).

Both the movant and the party opposing summary judgment are obligated to "cit[e] to *particular parts* of materials in the record" to support their factual positions. FED.R.CIV.P. 56(c)(1)(A) (emphasis added). Alternatively, parties may

"show[] that materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED.R.CIV.P. 56(c)(1)(B).  *See also Medlock v. United Parcel Service, Inc.*, 608 F.3d 1185, 1189 (10th Cir. 2010) ("[I]f the matter in issue concerns an essential element of the nonmovant's claim, the moving party may satisfy the summary judgment standard 'by identifying a lack of evidence for the nonmovant on [that] element.'" (internal quotation and citation omitted) (alteration in original)).  Materials cited to establish the presence or absence of a genuine dispute must be in a form that would be admissible in evidence.  FED.R.CIV.P. 56(c)(2).

The court need only consider the materials cited by the parties. FED.R.CIV.P. 56(c)(3).  In the event that a party fails to cite materials or otherwise properly address another party's assertion of fact, the court may consider the fact undisputed and, if the motion and supporting materials show that the movant is entitled to it, grant summary judgment.  FED.R.CIV.P. 56(e).  The court is also empowered to grant summary judgment, if appropriate, independent of the motion after giving notice and a reasonable time to respond.  FED.R.CIV.P. 56(f).

### III.    Analysis

In support of his claim for lost income, Plaintiff submitted an affidavit from

3

Geri Gurule, Director of Human Resources and Accounting at Plaintiff's employer, ACME Worldwide Enterprises, Inc. ("ACME"). *See Doc. 44-2.* Ms. Gurule states under oath that Plaintiff made $9,725.80 in 2010. *See id.* at ¶ 3. Moreover, had Plaintiff worked for the full year in 2010, Ms. Gurule indicates that he would have earned approximately $86,660.00 for the year. *See id.* at ¶ 5. This figure appears consistent with Plaintiff's earnings from ACME in 2007 ($90,405), 2008 ($69,760), and 2009 ($87,655). *See id* at Ex. A. The affidavit therefore contains admissible evidence of Plaintiff's lost income during 2010.

As Defendant points out, the Affidavit of Geri Gurule does not speak to the question of causation. *See Doc. 52* at 4-5. Plaintiff, however, has testified that he did not work for Acme from the time of the skiing accident in January 2010 until he went back to work in January 2011. *See Doc. 38-1* at 86:17-87:17. Plaintiff's affidavit speaks of hip surgery performed by Dr. James Worthern the day after the accident and "an extensive program of physical therapy" and "prescription pain medication" following the surgery. Viewing these facts in the light most favorable to Plaintiff, there is sufficient evidence for a jury to find that Plaintiff has lost income as a result of the skiing accident. I also find sufficient evidence as to the amount of Plaintiff's claim based on the affidavit of Ms. Gurule.

Wherefore,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary

Judgment on Plaintiff's Claim for Lost Income *(Doc. 37)* is **denied**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent of the Parties

5